UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

In re ACME CAKE CO., INC.,          :   Case No. 08-41965

                Debtor.    :

------------------------------------x

<u>DECLARATION IN OPPOSITION</u>

        JOHN SABATINI declares the following under penalty of perjury:

1. I am the Managing Member of Sabatini Frozen Foods LLC ("Sabatini"), a Creditor and the Chairman of the Creditors Committee in this Chapter 11 case. I submit this Declaration in my capacity as a Creditor and in opposition to the fee application of Backenroth, Frankel & Krinsky LLP ("BFK"). I am fully familiar with the matters set forth herein.

2. The fee BFK requests should be significantly reduced. BFK initially aided the case by overcoming Debtor's counsel's obstruction of discovery. Thereafter, however, BFK failed to complete document discovery or provide the Committee and thus the creditors with the benefits of the discovery it did perform and ultimately failed to provide services of value.

3. BFK claims to have spent a great deal of its time pursuing discovery. Hoqwever, it never obtained a copy of the Debtor's hard-drive as ordered by the Court and requested by me. Moreover, while purportedly performing discovery for the benefit of the Committee and the creditors, prior to July 9, 2010, BFK

actually refused to share the "fruits" of its efforts. Thus, the Committee and the creditors were precluded from making fully-informed decisions and being able to determine whether BFK performed its duties with the skill and competence ordinarily possessed by members of the bar who charge similar rates for similar services.

4. Additionally, BFK claims to have expended time and money investigating avoidance actions which it apparently had no intent to file. Indeed, BFK had to be advised by my lawyers of the expiring two-year limitation period which BFK did not appear to know about. Then, instead of filing the avoidance actions, BFK entered into "tolling agreements" with the targets of its investigation without Committee knowledge or prior approval and to the detriment of all the creditors.

5. In June 2010, BFK informed that it would have to apply to the Court to resign as Committee counsel. This intent to withdraw came at the eleventh hour and was for a reason which was shown to be without basis. The reason cited by BFK was that the Committee held a meeting among its members only, specifically without counsel, to discuss the Debtor's pending sales motion and the fee applications, including that of BFK. At the meeting, the Committee agreed to oppose the proposed sale and various fee applications, among other things.

6. It appears that Mark Frankel, Esq. ("Frankel"), was insulted that a meeting was held without him, he refused to speak with me about the matter despite my attempts to speak with him and he indicated by email that he did not wish to follow the Committee's direction that BFK prepare and file objections to the Debtor's motion for a sale and oppose the fee applications.

7. When I advised Frankel that his firm's intended withdrawal would create a hardship for and prejudice to the Committee and the creditors of Acme, Frankel unilaterally called a meeting of the Committee ostensibly to explain his reasons for wanting to withdraw. However, it turned out to be a meeting to disqualify my company as a voting member of the Committee and get the Committee to change its mind with respect to the sale.

8. Thus, Frankel allowed his personal pride to interfere with his firm's role as counsel to the Creditors Committee. At the meeting, Frankel first sought to remove my company on the trumped-up charge that my opposition to the asset sale constituted a conflict of interest. When that did not succeed, Frankel asked the Committee to reconsider its prior vote and angled the discussion towards an approval of the sale while failing to discuss pertinent information about the assets of the Debtor demonstrating the unfair nature of the sale. Despite my request, BFK did not mention the fiduciary obligation of the Committee to act in the best interest of all the creditors.

Rather, BFK harped on the idea that the Committee members would personally benefit from the sale if the new purchaser would continue to buy product from them.

9. In light of the other issues in this case concerning dismissal and sale, in the event the Court nonetheless decides to entertain BFK's fee application, I believe a hearing on BFK's fees is required.

WHEREFORE, deponent respectfully requests that BFK's fee application be denied.

Dated: River Vale, New Jersey
July 12, 2010

_____
JOHN SABATINI

FEES - OPP BFK AFF Sabatini 01.wpd

4